Joseph WIESEL

v.

Louis O. GUIFFRIDA, Director, Federal Emergency Management Agency.

Civ. A. No. 83–4952.

United States District Court, E.D. Pennsylvania.

July 25, 1984.

Kenneth S. Siegel, Mesirov, Gelmam, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for plaintiff.

---

6. The government has settled the claim of Heavy Media, Inc.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

A non-jury trial was held before this Court on a commercial crime insurance policy issued to the plaintiff, Joseph Wiesel, by the defendant, the Federal Emergency Management Agency (FEMA). Plaintiff, the owner of a lighting fixture store on North 2nd Street in Philadelphia, sought to recover $6,000.00 for a burglary loss at his store on October 16, 1982. FEMA refused to pay the plaintiff for his burglary loss on the ground that the plaintiff failed to produce adequate documentation concerning the property taken in the burglary. For the reasons set forth below, the Court finds that the plaintiff is not entitled to recover on the policy and, accordingly, will enter judgment for FEMA.

Based on the evidence produced at trial, the Court makes the following findings of fact and conclusions of law.

On October 16, 1982, the plaintiff's store was burglarized. The plaintiff was the owner of an insurance policy issued by FEMA, which policy covered burglary losses of money, securities, merchandise, furniture, fixtures and equipment. The policy was in effect at the time of the burglary. FEMA was notified of the burglary and assigned the Toensmeier Adjustment Service, Inc. (Toensmeier) to investigate and adjust the loss. Toensmeier obtained a statement from the plaintiff dated October 27, 1982, which stated that the burglars stole 14 lighting fixtures, 28 table lamps, 1 IBM typewriter, 1 adding machine, 1 calculator, 6 wall brackets, 1 set of metric calipers and 1 set of micrometers. (P–2, p. 1).

The plaintiff subsequently provided Toensmeier with an invoice from Sugarbush Products, Inc. (P–2, p. 2), which invoice lists the following lighting fixtures as having been purchased from Sugarbush Products on January 29, 1982:

| | | |
|---|---|---|
| 5 pcs 24 arms, gold plated, with crystals | $295.00 ea. | $1,475.00 |
| 8 pcs 12 arms, Williamsburg with glass | 265.00 ea. | 2,120.00 |
| 8 pcs 12 arms, Bronze Case/Spanish | 195.00 ea. | 1,560.00 |
| 6 pcs 8 arms, Brass Colonial | 160.00 ea. | 960.00 |
| 3 pcs 6 arms, Chrome plated, #561 | 140.00 | 420.00 |
| 3 pcs 6 arms, Modern, #508 | 170.00 | 510.00 |
| | | $7,045.00 |

The plaintiff also provided Toensmeier with two handwritten documents. The first is labeled "Claim No. 2897192" and sets forth the following stolen items:

| | | |
|---|---|---|
| 3 pcs 24 arms, gold plated | $295.00 ea. | $ 875.00 |
| 4 pcs 12 arms, Williamsburg | 265.00 ea. | 1,060.00 |
| 4 pcs 12 arms, Bronze Styles | 195.00 ea. | 780.00 |
| 3 pcs Glass Fixtures made by Handcrafted Lighting with handcut crystal | 320.00 ea. | 960.00 |
| | | $3,675.00 |

(P–2, p. 3). The second document is labeled "Stolen Things" and sets forth the following items:

| | |
|---|---|
| 12–14 lighting fixtures | $3,600.00 |
| 28 table lamps | 600.00 |
| 1 typewriter | 150.00 |
| 1 adding machine | 140.00 |
| 6 wall brackets | 360.00 |
| instruments | 1,200.00 |
| calculator | 40.00 |
| | $6,090.00 |

(P–3). No invoices or sales receipts were submitted to Toensmeier for any of the items listed on this document, with the exception of the lighting fixtures enumerated on the Sugarbush Products invoice.

Toensmeier responded to the plaintiff in a letter dated December 24, 1982, which stated:

We appreciate your sending us the information for our files, but according to your policy it is not satisfactory. We need an inventory showing what you had on hand at the time of the incident, and invoices for each item purchased. We need accurate documentation so that we can determine sales for this period. We are not doubting that you sustained a loss, or the amount that you are claiming, but the documentation that you supplied us means absolutely nothing in our process to settle your claim. If we do not receive further documentation in 15 days of this letter, we have no choice but to make an arbitrary decision on your loss. We look forward to hearing from you.

(D–3). On January 13, 1983, Toensmeier reported to FEMA that the plaintiff had advised Toensmeier, in response to their letter of December 29, 1982, that he did not use an inventory system and never did. The plaintiff produced no additional documentation substantiating his losses. On February 4, 1983, the plaintiff was advised by FEMA that since Toensmeier had not received from him the required documentation on his losses, the claim was disallowed and that he had one year from the date of receipt of this notice of disallowance to commence suit—which he did.

The plaintiff suffered a prior burglary loss covered by the same policy on May 22, 1981. The record contains a letter from FEMA dated March 16, 1982 advising the plaintiff as follows:

We call your attention to your policy's insuring conditions and, specifically, to item four (4) Books and Records, wherein it states, "The insured shall keep records of *all* the insured's property in such manner that the insurer can accurately determine therefrom the amount of the loss …"

We suggest you maintain an inventory of your stock along with sales records. Should you suffer future losses we will be able to determine from your records which items of those missing from stock were stolen, as opposed to those sold. We have agreed to accept a compromise for this loss. However, no losses after the date of this letter will be honored beyond the actual documented cash value in the manner herein explained.

(D–6). On April 20, 1982, the plaintiff suffered another burglary at his store. In connection with this burglary, the plaintiff submitted the identical Sugarbush Products invoice which was submitted for the loss at issue (October 16, 1982). The following items and the amount of compensation the plaintiff received for them are set forth on a Statement of Loss:

| Item: Contents: | Claim | Allowance |
| --- | --- | --- |
| 2 gold plated Lamps | $ 590.00 | $ 295.00 |
| 4 Williamsburg Lamps | 1,060.00 | 530.00 |
| 4 Bronze Lamps | 780.00 | 390.00 |

(D–8). On April 27, 1982, the plaintiff again sustained a burglary loss, and resubmitted the same Sugarbush Products invoice to recover for his losses. The Statement of Loss submitted by the plaintiff for the burglary of April 27, 1982 includes the following items and the amount the plaintiff was compensated for these items:

| Item: Contents: | Claimed | Allowance |
| --- | --- | --- |
| 3 gold plated | $ 885.00 | $ 442.50 |
| 4 Williamsburg | 1,060.00 | 530.00 |
| 4 Bronze | 780.00 | 390.00 |

It is clear from an examination of the above Statements of Loss that prior to the burglary at issue in this case the plaintiff had been paid in full for these items on the Sugarbush invoice. The fact that the plaintiff has been paid for the lighting fixtures on the Sugarbush invoice in connection with prior burglary claims under the policy is clearly a sufficient basis for FEMA's

rejection of the plaintiff's claim for loss of the lighting fixtures in connection with the burglary of October 16, 1982, which alleged losses constitute $3,600.00 of the $6,000.00 claimed by the plaintiff in this litigation. The plaintiff has produced no documentary evidence at any time concerning the alleged burglary of "table lamps, typewriter, adding machine, wall brackets, instruments and calculator" other than his handwritten statement labeled "Stolen Things".

The plaintiff was put on notice by FEMA's March 16, 1982 letter of the need for more accurate record keeping, a requirement that is specifically provided in Condition No. 4 of the insurance policy. Toensmeier's December 29, 1982 letter gave the plaintiff 15 days to submit additional documentation. This request has been ignored by the plaintiff.

The fact that this plaintiff endeavored to obtain reimbursement for lighting fixtures which had been paid for by FEMA under the policy in connection with prior burglaries clearly supports FEMA's determination to deny payment in this case based upon Condition 4 of the policy and the notice to plaintiff set forth in its letter of March 16, 1982, specifically stating that "no losses after the date of this letter will be honored beyond the actual documented case value in the manner herein explained."

The Court finds that the plaintiff made no effort to document his burglary loss of October 16, 1982, other than his attempt to use the Sugarbush invoice as a basis for claiming the loss of lighting fixtures for which he previously had been reimbursed under the policy in connection with prior burglaries.

For the reasons hereinabove set forth, this Court will enter judgment against the plaintiff and in favor of the defendant.