Jack STRICK, d/b/a Harry's Shoe Center, Plaintiff,

v.

Samuel PIERCE, Secretary of Housing and Urban Development, Defendant.

No. 84 C 4093.

United States District Court, N.D. Illinois, E.D.

April 11, 1985.

Gregory E. Rogers, Chicago, Ill., for plaintiff.

Elizabeth M. Landes, U.S. Atty's. Office, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

The motion of the defendant, Samuel Pierce, Secretary of Housing and Urban Development, for summary judgment dismissing the complaint of plaintiff Jack Strick is granted because the complaint is barred by plaintiff's failure to submit a sworn proof of loss within the requisite period of time and because the plaintiff has failed to document adequately the amount of his loss. No material dispute exists between the parties as to the facts.

Plaintiff's shoe store was burglarized on September 15, 1982, at which time he was covered by a policy issued under the Federal Crime Insurance Program, 12 U.S.C. § 1749bbb, *et seq.* The terms of the policy explicitly provided that the insured must keep records so that the amount of loss could be determined accurately, that the insured must submit a sworn proof of loss within 60 days of discovery of the loss, and that the insured is barred from bringing suit unless he has complied with all the terms of the policy. Plaintiff twice submitted inventory lists of $39,855 and $116,-881.32 on September 30 and October 10, 1982, respectively, to Hanover Adjustment Service ("Hanover"), the adjuster assigned by defendant to investigate the loss. Hanover reminded plaintiff on at least two occasions that the policy required him to submit a sworn proof of loss statement and informed him that he had failed to submit sufficient documentation to substantiate his claim. Indeed, by letter dated April 20, 1983, Hanover expressly informed plaintiff that, although the time within which he was to submit the sworn proof of loss had expired on November 14, 1982:

> In order to permit you to comply with the terms and conditions of the policy the time within which you may render sworn statement in proof of loss is herewith extended to and including May 5, 1983, and the time for filing of suit remains at September 15, 1983. Please be advised that except for this extension of time the company will require full and complete compliance with all the terms and conditions of the policy.

> Nothing herin [sic] constitutes, nor should it be construed by you as, a waiver of any of the rights or defenses which the undersigned company now has or hereafter may have under its policy except as concerns the time for the filing of proof of loss, and the time for filing suit, which is referred to above.

> The Burglary Loss Analysis form and the Contents Valuation forms must also be in our possession within 15 days from the date of this letter and the forms must be accurate and backed up by invoices and certified public accountant's statement.

(Government Exhibit C2.)

Despite this warning, on April 26, 1982, plaintiff, through a public adjuster retained as his agent, submitted a "burglary loss analysis" and a "contents valuation report" and admitted in his cover letter of that date that:

> The insured could not really describe the involved footwear, as there were various styles taken. The insured arrived at the average cost of shoes taken as per the average price of each individual manufacturer.

(Government Exhibit D1.) In that letter, plaintiff also requested an additional 60 day extension for filing the proof of loss.

Defendant did not respond to this request for an extension of time, and plaintiff has never submitted the sworn proof of

loss. On May 18, 1983, the Federal Crime Insurance Program denied plaintiff's claim for lack of supporting documentation.

■ With narrowly limited exceptions, courts have uniformly required strict adherence to the requirements of federal insurance policies and "have almost invariably denied recovery when the claimants failed to·comply with proof of loss requirements found in insurance policies issued under federal programs." *Cross Queen, Inc. v. Director, Federal Emergency Management Agency*, 516 F.Supp. 806, 809 (D.V.I.1980). In addition, where an insured fails to keep inventory records so as to preclude an accurate determination of the amount of loss, recovery is barred under the Federal Crime Insurance Program. *Wiesel v. Guiffrida*, 608 F.Supp. 690, 1984 Fire & Cas. Cases 563 (E.D.Pa., 1984); *Victoria Camera, Inc. v. Guiffrida*, 566 F.Supp. 796, 798–99 (S.D.N.Y.1983).

The narrow exceptions, limited to the facts in each case, involve situations in which the government is estopped by some affirmative conduct on its part which would render adherence to the strict procedural requirements inequitable. "The agency may be estopped only in extreme circumstances where the agent of the United States makes a representation that amounts to affirmative misconduct, or when the insurer has made a partial payment on the claim and is aware of all the information that a proof of loss form would contain before the sixty-day period elapses." *Victoria Camera, Inc., supra* at 798. *Accord, Meister Bros., Inc. v. Macy*, 674 F.2d 1174, 1176–77 (7th Cir.1982) (government's partial payment of the claim was, under the unique facts presented in that case, sufficient to estop it to raise failure to file timely proof of loss as a defense.)

No such unique circumstances are present in this case. Plaintiff argues first that even though he did not submit the sworn proof of loss, he did submit "the information which was essentially called for" on the proof of loss, and second, that, although he did not maintain or submit accurate records "because he did not run a business of the size of a large retail outlet such as a Sears Roebuck or Carson Pirie Scott," he did the best he could. Neither argument is persuasive. As Judge Pell noted in *Meister Bros., supra* at 1177, "it is axiomatic that '[m]en must turn square corners when they deal with the Government' " *quoting Rock Island, Arkansas, & Louisiana Railroad Co. v. United States*, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920). Even if plaintiff did provide all of the information required by the proof of loss statement, and his use · of the term "essentially" suggests that he did not, he failed to swear under penalty of perjury and other crimes to the truthfulness and completeness of the information he provided as required by the sworn proof of loss statement. Obviously, this requirement is not trivial. Moreover, neither the government nor this Court is required to sort through numerous documents to determine whether the information requested on the proof of loss statement is "essentially" the same as that provided by plaintiff. The government is entitled to require those it insures to submit information in the format specified. Plaintiff did not submit the proof of loss despite having been given an extension of time to do so and having been advised in writing of the deadline for filing the proof of loss. His unanswered request for an additional 60 days extension of time serves as no excuse because he should have protected himself by complying with the deadline when he did not receive an affirmative response granting him the extension. Plaintiff's "I did the best I could" excuse does not justify his failure to keep records that would allow an accurate determination of his loss, as specifically required by the policy. The use of "averages" simply does not suffice as a substitute for accuracy. *Victoria Camera, supra.*

Nor is the plaintiff's conclusory statement that all of the cases cited by the defendant "are clearly distinguishable" helpful to this Court. Although the defendant had cited numerous cases in its opening brief in support of its motion for summary judgment, plaintiff attempts to

distinguish only two in its responsive brief, which totals less than five pages in length. In light of the hundreds of cases pending on this Court's docket and the caseload of the federal judiciary in this district generally, counsel cannot expect this Court to shoulder the additional burden of doing counsel's work in distinguishing cases cited by an opponent. All cases are distinguishable on their facts because each case is unique: the question is whether the distinction is of substance. This case falls squarely within the numerous cases requiring strict adherence to the terms of federal insurance policies.

This Court finds that no material issue of fact exists in this case that precludes the grant of summary judgment in favor of defendant. Accordingly, the plaintiff's complaint is dismissed. It is so ordered.