### CONTINENTAL IMPORTS, INC.

v.

### John W. MACY, Jr., Director, Federal Emergency Management Agency.

### Civ. A. No. 78–1648.

United States District Court,
E. D. Pennsylvania.

Feb. 23, 1981.

Larry Haft, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Continental Imports.

Mitchell R. Sargen, John W. Macy, Jr., Federal Emergency Management Agency, Washington, D. C., for defendant.

### MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

According to the amended complaint (the complaint), on or about December 20, 1977, the premises of plaintiff Continental Imports, Inc. (Continental), were damaged by a flood. Plaintiff, who had a flood insurance policy issued pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, brought this action under the provisions of that act, 42 U.S.C. §§ 4053 and 4072, to recover some $16,965.00 in alleged damages. The defendants have moved for summary judgment.[1] For the reasons that follow, I will grant that motion.

---

1. The defendants now in the case are John W. Macy, Jr., Director of Federal Emergency Man- agement Agency (FEMA), General Accident Fire and Life Assurance Corp., and National

Defendants contend that they are entitled to summary judgment because plaintiff has not met one of the conditions precedent for suing under the insurance contract, the submission of a written and sworn proof of loss. They argue that not only does the explicit language of the agreement require a proof of loss, but applicable federal regulations and case law necessitate its submission to recover under the flood insurance policy. Plaintiff does not allege that there are any material facts in dispute. By way of response, Continental asserts that the defendants' unequivocal denial of plaintiff's claim some ten days after the alleged loss occurred acted as a waiver, thus relieving plaintiff of the obligation to submit a proof of loss. After carefully considering the arguments of both parties, I am persuaded that summary judgment should be granted in favor of defendants.

The contract of insurance in question, a Standard Flood Insurance Policy, clearly sets forth the insured's obligations when reporting a loss:

Within 60 days after the loss, unless such time is extended in writing by the Insurer, the Insured shall render to the Insurer, a proof of loss, signed and sworn to by the Insured, stating the knowledge and belief of the Insured as to the following: the time and origin of the loss, the interest of the Insured and of all others in the property, actual cash value of each item thereon and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and in the several parts thereof were occupied at the time of loss. The Insured, at the option of the Insurer, may be required to furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed, and verified plans and specifications of any building, fixtures or machinery destroyed or damaged.

(Paragraph O, p.3 of contract, attached as Exhibit A to the complaint)

The insurance agreement also contains the following language regarding waivers of terms of the contract:

No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of the Insurer relating to the appraisal or to any examination provided for herein.

(Paragraph D, p.2 of contract, Exhibit A)

It is undisputed that in this case there has not been any written waiver of the proof of loss requirement. The contract further provides:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, . . . .

(Paragraph T, p.3 of contract, Exhibit A)

As an additional buttress to their contention that no effective waiver of the proof of loss requirement has occurred, defendants cite one of the federal regulations, 44 C.F.R. § 61.13(d) concerning the National Flood Insurance Act, which states:

The Standard Flood Insurance Policy and required endorsements must be used in the Flood Insurance Program, and no provision of the said documents shall be altered, varied or waived other than through the issuance of an appropriate amendatory endorsement, approved by

Flood Insurers Association (NFIA). From June 6, 1969 to December 31, 1977, the National Flood Insurance Program (created by the Act) was administered by NFIA, an unincorporated association of insurance carriers, under a contract with the Department of Housing and Urban Development (HUD). Effective January 1, 1978, HUD took over the administration of the program. By executive order, on April 1, 1979, FEMA assumed responsibility for administering the flood insurance program.

the Administrator as to form and substance for uniform use.

In addition, defendants claim that FEMA is a federal agency and that consequently interpretation of an insurance policy issued by FEMA, such as the one at issue here, is governed by federal rather than state law. In support of this proposition they cite a number of cases but rely principally on *Cross Queen, Inc. v. FEMA*, No. 144/1979 (D.V.I., filed September 24, 1980). That case involved a flood insurance policy identical to the one sued upon here. In the *Cross Queen* decision, the Court granted summary judgment in favor of defendant FEMA, finding that plaintiff's untimely filing of a proof of loss precluded recovery under the policy. Responding to plaintiff Cross Queen's claim that the defendant, by its conduct, had waived the proof of loss requirement, the court observed:

> General doctrines of waiver, however, are not applicable where the insurer is an agency of the United States. It is well established that where the insurer is an agency of the United States procedural requirements must be strictly complied with . . . . Applying this rule, the courts have almost invariably denied recovery where the claimant failed to comply with proof of loss requirements found in insurance policies issued under federal programs.

Slip op. at 5 (citations omitted).

It is the contention of plaintiff Continental that the *Cross-Queen* decision and the other cases holding that the requirements of insurance policies issued under federal programs are to be strictly construed do not apply to this case. Continental argues that at the time it suffered the flood damage the insurer on the policy was the National Flood Insurance Association (NFIA) which it claims is not a federal agency. Therefore, plaintiff asserts, general principles of insurance law govern, and the defendants' denial of coverage amounted to a waiver of the proof of loss provision.

■ I am not persuaded by these arguments. It is immaterial to the resolution of this motion whether or not NFIA is a federal agency. Because plaintiff's flood insurance policy was issued under the National Flood Insurance Act and the plaintiff has invoked the jurisdiction of this Court under the Act, 42 U.S.C. §§ 4053 and 4072, this case is controlled by federal law and the cases cited by plaintiff dealing with federal insurance programs. *See, e. g. Mason Drug Co. Inc. v. Harris*, 597 F.2d 886, 887 (5th Cir. 1979).[2] The language of the policy regarding the requirement that a proof of loss be submitted is clear and unambiguous. Similarly, the policy states in clear and unambiguous terms that any waiver of any provision must be in writing and a suit cannot be brought under the agreement unless all the requirements have been complied with. The explicit language of the contract coupled with the legal precedent discussed above compel a finding that Continental's failure to file a proof of loss precludes plaintiff's recovery in this suit and summary judgment must be entered in favor of the defendants. An order granting defendants' motion follows.

---

2. Cf. *Del Boring Tire Service v. FEMA*, 496 F.Supp. 616, 618 (W.D.Pa.1980).