Mark **PORAT, t/a MBM Electronics and Gifts, Inc.**

v.

**HANOVER INSURANCE COMPANY, and Federal Emergency Management Agency.**

**Civ. A. No. 83–1475.**

United States District Court, E.D. Pennsylvania.

Oct. 31, 1983.

James C. Schwartzman, Philadelphia, Pa., for plaintiff.

Elliott Feldman, Philadelphia, Pa., for defendant Hanover Ins. Co.

Michael Martinez, Thomas A. Dougherty, Jr., Asst. U.S. Attys., Philadelphia, Pa., for defendant Fed. Emergency Management Agency.

## MEMORANDUM

NEWCOMER, District Judge.

The plaintiff is seeking payment of $65,-000 under two insurance policies issued by the defendants. Before the Court are cross motions for summary judgment.

The following facts are uncontested. In July, 1981, the defendant Hanover Insurance Company ("Hanover") issued a policy of insurance to "Mark Porat t/a MBM Electronics and Gifts, Inc." for a policy period of July 24, 1981 until July 24, 1982. This policy had a $50,000 limit and covered losses due to burglary. The policy contained the following language under a section headed "Assignments:" "Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon." On December 14, 1981 the defendant Federal Emergency Management Agency ("FEMA"), an agency of the federal government, issued a policy to "MBM Management and Gifts." The policy limit was $15,000 and it covered losses due to burglary. The coverage period was to last one year from the date of issuance. The following language was contained in a section of the policy entitled "Eligibility Requirements and Unusual Policy Provisions:" "This policy cannot be transferred or assigned. Coverage ceases at the time of a move to a new premises or at the time of any change in ownership."

At the time the two policies were issued the capital stock of MBM Electronics and Gifts, Inc. was held in equal portions by Mark Porat and Robert Bursudsky. The sole business of MBM was the operation of a gift shop.

On April 4, 1982, all of the stock in MBM was sold to Sergei Gellerman. No notice of this sale was given to either of the defendants. On June 8, 1982, the gift shop was robbed of most of its merchandise. Both of the defendants subsequently denied claims for the loss, asserting that coverage had ceased under the respective provisions quoted above.

■ The only issue presented to the court is whether the sale of the stock in MBM resulted in cessation of coverage under the two policies.

The plaintiff argues that the policies were never assigned, because the corporation remained the insured before and after the sale of the corporate stock. This argument would have some force with respect to the Hanover policy if it were not for the

fact that the Hanover policy was issued to "Mark Porat t/a MBM Electronics and Gifts, Inc." The named insured under the policy is clearly Mr. Porat. Thus, when MBM and all its assets were sold to Mr. Gellerman, it was necessary to obtain the endorsement of the defendant Hanover in order for the policy to remain in effect.

I note that similar policy provisions have been found to be enforceable in Pennsylvania. *See Christ Gospel Temple v. Liberty Mutual Insurance Co.*, 273 Pa.Super. 302, 417 A.2d 660 (1979).

 The FEMA policy presents a somewhat different issue. It, unlike the Hanover policy, was clearly issued to MBM Electronics, not to Mr. Porat individually. Thus, the plaintiff's assertion that no assignment of the FEMA policy has occurred would seem to be meritorious. The problem with the plaintiff's argument is, however, that the FEMA policy does not simply require that any assignment of the policy be approved by the insurer. Rather, coverage under the FEMA policy ceases when there is a "change in ownership."

The plaintiff argues that this limitation in coverage is ambiguous, and should, therefore, be interpreted against the insurer. I disagree. I find that the provisions of the policy are unambiguous. Any change in the ownership of the insured cancels the coverage under the policy.

This conclusion is reinforced by the regulations adopted by FEMA, which cover the policy in question. Specifically the regulations provide that:

> The new owner must submit a new application with the applications semi-annual premium. Policy coverage ceases at the time of ownership change and a policy may not be transferred or assigned to a new owner or tenant except by submission of a new application....

44 C.F.R. § 81.7(c).

Because the procedural requirements of insurance policies issued by the United States or one of its agencies must be strictly complied with, *See Continental Imports, Inc. v. Macy*, 510 F.Supp. 64 (E.D.

Pa.1981) (Green, J.), I must hold that coverage under the FEMA policy had ceased as of the date of the burglary.

For the reasons discussed above, summary judgment shall be entered in favor of both defendants. ·

I note 'that there is also an outstanding motion to dismiss Count III of the plaintiff's complaint, which seeks punitive damages for an alleged bad faith failure to pay the plaintiff's claims. This motion is, of course, mooted by the granting of summary judgment in favor of the defendants. Furthermore, the punitive damage claim is clearly barred by the rule of *D'Ambrosio v. Pennsylvania National Mutual Cas. Co.*, 494 Pa. 501, 431 A.2d 966 (1981).