Martin **SCHUMITZKI** and Caroline Schumitzki, husband and wife, Plaintiffs,

v.

**DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant.**

**Civ. A. No. 85–2288.**

United States District Court, D. New Jersey.

March 18, 1987.

Paul W. Rosenberg, Rappoport & Rosenberg, Trenton, N.J., Emil L. Iannelli, Isacoff & Iannelli, Southampton, Pa., for plaintiffs.

U.S. Atty. Thomas W. Greelish by Irene Dowdy, Asst. U.S. Atty., Trenton, N.J., for defendant.

## OPINION

GERRY, District Judge.

Plaintiffs, Martin and Caroline Schumitzki, are the owners of a house in Wildwood Crest, New Jersey. The house was insured under a standard federal flood insurance policy. The plaintiffs claim that the house suffered certain structural damage as a result of a general condition of flooding on March 29, 1985. They have brought this action pursuant to 42 U.S.C. § 4072, against the Director of the Federal Emergency Management Agency (FEMA), which is the federal agency responsible for administering the National Flood Insurance Program (NFIP), to recover under the policy.

Presently before this court is defendant's motion for summary judgment. Defendant argues that the plaintiffs cannot maintain this action because they have failed to comply with one of the conditions precedent to suit; namely, the filing of a proof of loss form with the insurer. For the reasons set forth below, we agree.

The policy of flood insurance at issue in this case is the Standard Flood Insurance Policy (SFIP), Dwelling Form, 44 C.F.R. Part 61, App. A(1) (1983). The requirements for recovery under the policy are set forth at Article VIII, ¶ I. This section provides that in the case of loss due to flood, the insured must notify the insurer in writing as soon as practicable and "within 60 days after the loss, send us a proof of loss, which is your statement as to the amount you are claiming under the policy signed and sworn to by you...." The section also

describes the information that must be provided in the proof of loss. Article VIII, ¶ I, further provides:

. . . . .

5. The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you to complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it. In completing the proof of loss, you must use your own judgment concerning the amount of loss and the justification for that amount; the adjuster is not authorized to approve or disapprove claims or to tell you whether your claim will be approved by us.

6. We may at our option, waive the requirement for the completion and filing of a proof of loss in certain cases, in which event you will be required to sign and, at our option, swear to an adjuster's report of the loss which includes information about your loss and the damages needed by us in order to adjust your claim....

The policy also expressly provides that any waiver of its provisions must be in writing. *See* Article VIII, ¶ D, and 44 C.F.R. § 61.-13(d).

Finally, the SFIP sets forth the procedure for filing suit, after denial of a claim, in Article VIII, ¶ Q:

Conditions for filing a lawsuit. You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within twelve (12) months from the date we mailed you notice of your claim, and you must file the suit in the United States District Court for the district in which the insured property was located at the time of the loss.

In the present case, it is undisputed that a storm struck the New Jersey coastal area on March 29, 1984, and that the plaintiffs submitted to NFIP a Notice of Loss claiming that their property was damaged by

flooding in that storm. The NFIP sent plaintiffs a letter, dated April 15, 1984, stating it has received notice of plaintiffs' loss and advising them of their responsibilities under the policy, including the submission of a proof of loss. An adjuster inspected plaintiffs' property shortly thereafter. On May 14, 1984, NFIP notified plaintiffs by letter that it could not extend coverage for the claimed loss, because it had determined that the damage had been caused by structural defects in the building, and not by flooding. The May 14 letter also stated that NFIP was not waiving any of its rights and defenses under the policy.

It is also undisputed that plaintiffs did not submit a proof of loss, or its equivalent, to the NFIP at any time prior to the institution of this action. In addition, NFIP did not give plaintiffs a written waiver of this requirement.

█ Numerous courts have held that an insured's failure to comply with the proof of loss requirement of a federal insurance policy bars a subsequent action for recovery under that policy. *See, e.g., Cross Queen, Inc. v. Director, FEMA*, 516 F.Supp. 806 (D.V.I.1980); *Harper v. National Flood Insurers Ass'n*, 516 F.Supp. 725 (M.D.Pa.1981); *Continental Imports, Inc. v. Macy*, 510 F.Supp. 64 (E.D.Pa.1981); *Margate City Yacht Club v. FEMA*, No. 82–2291 (D.N.J., July 15, 1983) (Cohen, J.), *aff'd*, 732 F.2d 146 (3d Cir.1984); *Nymmco of New Jersey v. Giofrida*, No. 82–2861 (D.N.J.), *aff'd*, 740 F.2d 958 (3d Cir.1984). This is true even where the claim is denied prior to the expiration of the 60 day period provided for filing the proof of loss. *See, e.g., Continental Imports, supra.*

Plaintiffs raise several arguments in opposition to dismissal of the present action. First, they argue that the SFIP is a contract of adhesion with ambiguous terms, and therefore that it should not be enforced against them. Specifically, they contend that the policy can be read as only requiring the proof of loss for adjustment, settlement and payment of an approved claim, and not for institution of suit under the policy. In support of this argument,

they point to Article VIII, ¶ K, which states:

> Loss is payable within 60 days after you file your proof of loss (or within 90 days after the insurance adjuster files an adjuster's report signed and sworn to by you in lieu of a proof of loss) and ascertainment of the loss is made either by agreement between us and you expressed in writing or by the filing with us of an award as provided in paragraph "M," below. If we reject your proof of loss in whole or in part, you may accept such denial of your claim, or exercise your rights under this policy, or file an amended proof of loss as long as it is filed within 60 days of the loss or any extension of time allowed by the Administrator.

Plaintiffs argue that the language of ¶ K, when read in conjunction with paragraph I, which sets forth the proof of loss requirement, implies that failure to file the proof of loss will only preclude payment of the claim and does not bar the claimant in a subsequent law suit.

We disagree, however, because we find that paragraph K merely sets forth the time limits for NFIP's action upon receipt of the proof of loss form and does not, we believe, limit the proof of loss requirement. In addition, paragraph I clearly and unambiguously delineates the insured's responsibilities under the policy (including the filing of a proof of loss), and paragraph Q states that suit may not be instituted "unless you have complied with all the requirements of the policy." We find that these sections, when read together, plainly require the filing of a proof of loss as a condition precedent to the institution of suit. As we do not find these provisions ambiguous, we will not "construe" them in the way plaintiffs seek.

Plaintiffs also contend that the proof of loss requirement is not a prerequisite to suit because the provisions of paragraphs I and Q are not expressly incorporated into the "judicial review" provisions of the statute (42 U.S.C. § 4072) and its regulations (44 C.F.R. § 62.22). The statute provides:

In the event the program is carried out as provided in section 1340, the director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the director, may institute an action against the director on such claim....

Similarly, 44 C.F.R. § 62.22(a) provides:
Upon the disallowance by the Federal Insurance Administration or the servicing agent of any claim on grounds other than failure to file a proof of loss, or upon the refusal of the claimant to accept the amount allowed upon any such claim, after appraisal pursuant to policy provisions, the claimant within one year after the date of mailing by the Federal Insurance Administration or the servicing agent of the notice of disallowance or partial disallowance of the claim may, pursuant to 42 U.S.C. § 4072, institute an action on such claim....

The plaintiffs argue that because the proof of loss requirement is not mentioned in these regulations, it cannot be a prerequisite to judicial review under section 4072. In other words, plaintiffs read these statutory and regulatory provisions as allowing judicial review on the merits of the claim denial, regardless of whether the insureds have complied with the terms of the policy. We must reject this interpretation, however, because we believe that the court's role in judicial review is to apply all the terms and conditions of the policy, including conditions precedent to suit and defenses of the insurer. While 44 C.F.R. § 62.22 precludes judicial review where denial of the claim is based solely on the insured's failure to file a proof of loss, it does not, we believe, prevent the insurers from raising the proof of loss requirement as a defense where the claim has been denied on other grounds. Indeed, the cases cited earlier implicitly interpreted these and similar statutory and regulatory provisions this way when they found that an insured's failure to comply with the policy's proof of loss requirement was a bar to suit. We will follow these case law authorities and reject plaintiffs' statutory argument here.

Plaintiffs argue next that the proof of loss requirement violates due process. They argue that the 60 day filing period for the proof of loss is arbitrary and not rationally related to the process of adjusting, settling and paying a claim. In addition, plaintiffs argue that the defendant does not always raise the proof of loss requirement. They point out that in a previous flood damage claim, defendant settled and paid the claim despite the fact that plaintiffs did not file a proof of loss until well after the expiration of the 60 day period. We find no merit to these contentions, however. First, because we find nothing fundamentally unfair about the 60 day period. Certainly the 60 day period gives the insureds ample time to comply with the proof of loss requirement. In addition, plaintiffs have cited absolutely no case law in support of their constitutional argument. With respect to plaintiffs' argument that the defendant has arbitrarily invoked the 60 day requirement on this particular claim, we believe that this question is more properly analyzed in the content of waiver/estoppel, which we shall discuss shortly. Finally, plaintiffs also argue that the proof of loss requirement violated due process because the statutory/regulatory scheme is unintelligible. We have already discussed and rejected this contention and will not reiterate that analysis. In short, we find plaintiffs' due process arguments to be unavailing.

Plaintiffs' final argument is that the governmental insurer has either waived the proof of loss requirement, or that it is estopped from raising it in this instance. It is well settled, however, that "[g]eneral doctrines of waiver and estoppel against insurers are not applicable when the insurer is an agency of the United States." *Khoudary v. Guiffrida,* No. 81–3389 (D.N.J., January 31, 1983) (Thompson, J.).

■ With respect to waiver, it is clear that the proof of loss requirement can be waived in some instances. However, the SFIP and the regulations provide that such a waiver must be expressly made and effected by an approved written document. 44 C.F.R. § 61.13(d), App. A(1), Art. VIII, §§ D, I.5. There was no such written waiver in this case. In addition, numerous cases have held that the requirement cannot be "constructively" waived; as the court in *Boudreaux v. NFIP*, No. 81–1461 (E.D.La. Nov. 28, 1982), slip op. at 2, stated: "the waiver of the policy provisions is *not* accomplished by an inspection, or estimate, or settlement offer by an adjuster to a plaintiff." *See also McCrary v. FEMA*, No. 85–100–CIV–7 (E.D.N.C., July 10, 1986); *Khoudary v. Guiffrida, supra; Continental Imports, supra.* Based on these authorities, we find that the defendant has not waived the proof of loss requirement.

Plaintiffs also argue that the federal insurer is estopped from raising the proof of loss requirement under the circumstances of this case. Although the rules of estoppel are stringently applied when the insurer is a governmental entity, *see Nymmco, supra,* courts have held that estoppel is available where there was an affirmative representation by the Government that was reasonably relied upon by the plaintiffs to their detriment. *See Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984); *West Augusta Development Corp. v. Giuffrida (FEMA)*, 717 F.2d 139 (4th Cir.1983). In cases involving the proof of loss requirement in federal insurance programs, courts have held that the insureds must also demonstrate that the insurer was not actually prejudiced by the insured's failure to comply with the requirement. *Meister Bros. v. Macy*, 674 F.2d 1174 (7th Cir.1982). In the present case, plaintiffs argue that estoppel is appropriate because defendant denied plaintiffs' claim on the merits prior to the expiration of the 60 day period for filing the proof of loss, which plaintiffs claim "affirmatively misled" them "into believing that filing the proof of loss would be fruitless." (Plaintiffs' brief at 14.) Plaintiffs

further point out that a prior claim of theirs had been settled and paid by defendant, despite the fact that they filed the proof of loss form more than 10 months after the loss. They argue, therefore, that the denial of the present claim was "tantamount to a statement that the proof of loss form was no longer required by the defendant, especially in light of plaintiffs' prior experience with defendant." (Plaintiffs' brief at 14.) Plaintiffs further argue that the defendant was not prejudiced by plaintiffs' failure to submit the proof of loss.

We need not reach the prejudice issue, however, because we find that plaintiffs have failed to demonstrate that they were affirmatively misled by a representation by the Government, and that their reliance was reasonable under the circumstances.

■ With respect to the insurer's denial of the claim on the merits, it is clear that the federal insurer did not constructively waive the proof of loss requirement by denying the claim prior to the expiration of the 60 day period, *Continental Imports, supra,* or by denying the claim without mention of the plaintiffs' non-compliance with the requirement, *McCrary v. FEMA, supra.* We fail to see how the defendant's letter denying the claim alone can thereby be construed as an affirmative misrepresentation by the Government and estop it from later asserting the proof of loss requirement. In addition, while we recognize that there are cases which hold that a federal insurer's prior lenient practice with respect to the proof of loss requirement can affirmatively mislead the insured and operate as an estoppel to a later assertion of the requirement, *see Meister Bros., supra,* we believe that those principles are not applicable to the present case. In *Meister Bros.,* for example, it was the policy of the adjuster not to provide the insureds with a proof of loss form until a settlement was reached. The parties reached a settlement on a portion of the damages and submitted a partial proof of loss form. When the parties failed to reach a settlement on the rest of the claim, the insureds instituted suit. The court held that under the unique facts of that case, the plaintiffs were misled by the governmental agent and entitled to raise the bar of estoppel.

In the present case, however, it is undisputed that the plaintiffs received a letter from NFIP, prior to the expiration of the 60 day period, which expressly reminded them of their obligation to submit a proof of loss form. Furthermore, the May 14 letter which denied their claim expressly reserved all of the insurer's rights under the policy. Therefore, even assuming that plaintiffs could argue that they relied on the insurer's previous conduct and on the May 14 denial of their claim, such reliance cannot be considered "reasonable under the circumstances," *Nymmco, supra,* given the April 15 reminder letter. Accordingly, we find that the defendant is not estopped from asserting the proof of loss requirement. To the extent that *Quesada v. Director, FEMA,* 577 F.Supp. 695 (S.D.Fla. 1983), and *Hidenfelter v. Director, FEMA,* 603 F.Supp. 434 (W.D.Mich.1985) hold otherwise, we decline to follow the reasoning of those cases.

For the foregoing reasons, defendant's motion for summary judgment will be granted. The accompanying order has been entered.