William **KENNEDY** and Phyllis Kennedy, Plaintiffs,

v.

CNA INSURANCE COMPANY, Aetna Insurance Company, Abrams Insurance Agency, National Associates, Michael McLaughlin, and John Doe(s) I–III, j/s/a, Defendants.

Civil No. 95–2222(SSB).

United States District Court, D. New Jersey.

July 15, 1997.

**932**

Michael L. Testa, Basile & Testa, A Professional Corporation, Vineland, NJ, for Plaintiffs.

Mark W. Catanzaro, Moorestown, NJ, for Defendant Aetna Ins. Co.

## OPINION

BROTMAN, District Judge.

Presently before the court are cross motions for judgment filed by Plaintiffs, William and Phyllis Kennedy (hereinafter "the Kennedys" or "Plaintiffs"), and Defendant Aetna Insurance Company (hereinafter "Aetna"). This case was called for trial on May 19, 1997; on that date, counsel for Plaintiffs reported the matter settled as to defendants CNA Insurance Company, Thomas Heist Insurance Agency, Abrams Insurance Agency, National Associates, and Michael McLaughlin.[1] On the same date, Plaintiffs and the remaining defendant, Aetna, stipulated to all facts in the case, leaving in dispute only questions of law. Pursuant to the court's direction, the Kennedys and Aetna each submitted supplemental briefs in support of judgment, to which the court now turns.

## I. STIPULATED FACTS AND BACKGROUND

On March 29, 1993, Aetna issued a flood insurance policy to the Kennedys covering

---

1. Subsequently on May 19, 1997, the court entered an Order dismissing the action without costs and without prejudice as to defendants CNA Insurance Company, Thomas Heist Agency, Abrams Insurance Agency, National Associates, and Michael McLaughlin only.

their property at 111 47th Street in Sea Isle City, New Jersey. The policy is a Standard Flood Insurance Policy (hereinafter "SFIP") as set forth at 44 C.F.R. Part 61 App. A(1) (1997), issued pursuant to the National Flood Insurance Act of 1968 (hereinafter "NFIA"), 42 U.S.C. §§ 4001 *et seq.* On March 2, 1994, a severe storm caused flooding which, in turn, caused a heater in the Kennedys' home to malfunction and ignite as it came into contact with the floor beams of the Sea Isle City property. The resulting fire completely destroyed the property. The Kennedys submitted a property loss notice to National Associates, which company forwarded same via facsimile to Aetna's Claims Department. (*See* Stip'd Facts Ex. D.)

On Aetna's behalf, Kevin Showalter of Michael Bellmon Associates investigated the Kennedys' loss and inspected their property on March 8, 1994. Showalter prepared a report summarizing his findings regarding, *inter alia,* the cause of the loss and the scope of the damage. Thereafter, Showalter contacted the Kennedys and forwarded to them a proof of loss form for their signatures. Because the Kennedys disputed Showalter's calculation of their loss, they did not sign or return to Aetna the proof of loss form. To date, the Kennedys have not submitted to Aetna a proof of loss form.[2]

On April 19, 1994, Aetna mailed to the Kennedys a letter reminding them of their obligation to file a formal proof of loss within 60 days from the date of the loss. (*Id.* Ex. G.) The Kennedys did not file Such a form; rather, on May 10, 1994, they notified Showalter and Bellinon Adjusters—Aetna's adjusting company—that they disagreed with the proposed proof of loss and required more time to assemble the receipts necessary to submit the sworn proof of loss to Aetna. (*Id.* Ex. H.) Two months later, on July 18, 1994,

Aetna advised the Kennedys of its position regarding their claim: (1) the flooding had caused minimal demonstrable damage in the amount of $453.80 to the property in question; (2) all damage cause by fire are excluded by the flood policy; and (3) Aetna would reopen the Kennedys' file to consider a claim for $453.80 upon receipt of a signed proof of loss.[3] (*Id.* Ex. 1.)

In the cross-motions before the court, the parties dispute whether the policy provides coverage for the damage to the Kennedys' property. Defendant Aetna contends that the policy expressly excludes losses caused by fire and therefore does not cover the Kennedys' fire-related losses. Aetna also argues that the Kennedys' failure to submit a sworn proof of loss within 60 days of their loss bars their claim for damages.[4] Plaintiffs, in turn, contend that the policy provides coverage for their claim and seek compensatory damages, costs, and interest as permitted by 42 U.S.C. § 4001, *et seq.* Plaintiffs argue that Aetna is estopped from raising as a defense their failure to file a timely proof of loss because Aetna denied *coverage* on another, substantive ground—namely, that the loss was not covered under the flood policy.

## II. DISCUSSION

The Third Circuit has not yet ruled on whether a claimant's failure to file a proof of loss bars completely a subsequent claim against a private insurance company that issued a federally sponsored insurance policy. An extensive survey of opinions from courts in this circuit and others indicates widespread disagreement on this issue. *Compare Schumitzki v. FEMA,* 656 F.Supp. 430, 432 (D.N.J.1987) (Gerry, J.) (citations omitted) ("[N]umerous courts [in this circuit] have held ... failure to comply with the proof of loss requirement of a federal insurance policy

---

2. The SFIP requires an insured to submit to the carrier within 60 days after tile loss a proof of loss statement detailing the items and amounts claimed, as well as other specific information as listed in the policy. (*Id.* Ex. B at 6–7.)

3. The parties agree that Aetna's notification dated July 18, 1994 constituted a denial of the Kennedys' claim. (*Id.* ¶ 18.) They also agree that the Kennedys never received an extension,

either oral or written, to file a sworn proof of loss form. (*Id.* ¶ 22.)

4. According to Article VII, para. Q of the Kennedys' policy, they may not file a lawsuit to recover monies unless they have complied with all policy requirements. (*Id.* Ex. B at 8.) These policy requirements, in turn, expressly require a claimant to submit documentation regarding proof of loss. (*Id.* Ex. B at 6–7.)

bars a subsequent action . . .") *with Conrad v. Omaha Property & Cas. Ins. Co.*, No. CIV, A. 94–4087, 1995 WL 350418, *4 (E.D.Pa. June 7, 1995) (concluding that failure to comply strictly with proof of loss requirement does not bar claim). Most recently, this court considered this issue in *Gagliardi v. Omaha Property & Ins. Co.*, 952 F.Supp. 212 (D.N.J.1997), concluding *inter alia* that the lack of a formal proof of loss statement barred the plaintiffs' action in light of repeated notifications regarding same by the defendant-insurer.

Indeed, Aetna argues that this court's rationale in *Gagliardi* applies with equal force to the case at bar. While the court agrees that the legal principles in *Gagliardi* also guide the court's decision in this matter, the court acknowledges factual differences between the two cases. For instance, in *Gagliardi*, the record included evidence of numerous letters from both the defendant-insurer and its adjuster to the plaintiffs—even after the 60–day period had lapsed—advising them of the need to file a sworn proof of loss statement. Moreover, the defendant-insurer in *Gagliardi* closed the plaintiffs' file and denied their claim for insurance coverage for the sole reason that they had not complied with the provisions in the policy requiring them to submit proof of loss documentation. In this case, Aetna reminded the Kennedys of the obligation to file a formal proof of loss before the 60–day period had expired.[5] (Stip'd Facts Ex. G.) Later, Aetna advised the Kennedys that their claim had been denied because the policy did not provide coverage for damages caused by fire, but that it would nonetheless still consider a claim for *flood*-related damages upon receipt of a signed proof of loss form.

The Kennedys contend that Aetna excused them from fulfilling the policy requirement to file a proof of loss by classifying the loss as non-covered and denying coverage on that basis. They argue that, under *N.L. Indus. Inc. v. Commercial Union Ins. Co.*, 926 F.Supp. 446, 455 (D.N.J.1996) ("*N.L.Indus-*

*tries* "), Aetna waived the notice requirement of the insurance contract and is now estopped from raising as a defense the failure to file a proof of loss. However, reliance on *N.L. Industries* and that decision's guidance regarding a private, comprehensive general liability insurance policy is inapposite, since the insurance policy at bar derives from the NFIA and is governed by a discrete line of cases to which *N.L. Industries* does not belong.

To that end and as a preliminary note, insurance policies issued under federal programs must be strictly construed. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Cross Queen, Inc. v. FEMA*, 516 F.Supp. 806, 809 (D.Vi.1980) (noting that non-compliance with requirement of policy issued under federal program almost always bars recovery). Further, general doctrines of waiver and estoppel do not apply when the insurer is an agency of the United States. *Continental Imports, Inc. v. Macy*, 510 F.Supp. 64, 66 (E.D.Pa.1981); *Schumitzki*, 656 F.Supp. at 434 (citations omitted). While the court recognizes that the defendant is not such an agency, *cf.* 44 C.F.R. § 62.23(g) (1997), it cannot ignore that the flood insurance policy Aetna issued to the Kennedys provides federally sponsored coverage pursuant to federal law. *Cf.* Stip'd Facts Ex. B at 8 (noting that federal law governs insurance policy at issue). Thus, where that policy and the federal law from which it derives delimit waiver, the court must conclude that doctrines of waiver and estoppel usually applicable in insurance cases are inapposite here.

Here, the Kennedys' policy states clearly "This Standard Flood Insurance Policy cannot be amended nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." (*Id.,* Ex. B at 5.) The policy also advises the insured that actions of the insurer will not constitute a waiver of the insurer's rights. (*Id.*) Moreover, it permits a waiver of the proof of loss requirement only if the insured signs and swears to a detailed

---

**5.** The court does not suggest that Aetna had a duty to provide additional, or indeed any, notice regarding the proof of loss requirement, since the insurance policy itself expressly includes such a requirement; as a result, the Kennedys are charged with the knowledge.

adjuster's report of the loss and damages. (*Id.* at 7.) [6] This the Kennedys never did. In addition, the letter from Aetna on which the Kennedys rely to assert their waiver-estoppel argument invites the Kennedys to submit a signed proof of loss if they "wish to reopen the file for [their] flood loss." (*Id.* Ex. I.) Thus, this letter shows clearly that Aetna was not waiving the proof of loss requirement but, rather, was insisting on it.[7]

Similarly, the Kennedys cannot, in light of notice (i.e. from the insurance contract itself) and at least two reminders regarding the proof of loss requirement, establish that Aetna engaged in affirmative misconduct on which they reasonably relied to their detriment. *See Diamond v. FEMA*, 689 F.Supp. 163, 169 (E.D.N.Y.1988) (citing *Heckler v. Community Health Servs.*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)) (stating requirements to make estoppel argument). Again, the language in the coverage denial letter indicating Aetna's insistence on the proof of loss requirement prevents the Kennedys from demonstrating that Aetna intended that they would rely on and act upon any representation implying that a proof of loss was *not* required. Thus, the court must reject plaintiffs' suggestion that principles of waiver and estoppel apply to this case.

██ In light of the foregoing, the court finds that the Kennedys' failure to submit a sworn proof of loss to Aetna bars their present claim for damages. This is so despite the differences between this case and *Gagliardi*, in which the plaintiff-insureds were even more remiss than the Kennedys in failing to respond to the insurer's multiple requests for the requisite proof of loss forms. The fact that, unlike the *Gagliardi* defendant, Aetna denied coverage for a reason separate from the failure to file a sworn proof of loss also does not alter the court's conclusion, because

the denial letter *did* include (another) reference to the required proof of loss statement and afforded the Kennedys (another) opportunity to correct their error and recover damages allowed by the policy. *Contra O'Connor v. Perry*, Civil Action No. 96–2781, 1997 WL 115404, at *2 (E.D.La. March 12, 1997) (denial letter's absolute silence regarding proof of loss statement fatal to insurer's technical defense because substantially prejudicial to insured).

As this court noted in *Gagliardi*, Congress established the National Flood Insurance Program to help alleviate the kind of economic hardship caused by flood damage suffered by plaintiffs. By involving the private insurance industry in the implementation of a federal insurance program, Congress made available insurance coverage that potential insureds otherwise could not obtain easily from private carriers. *See* 42 U.S.C.A. § 4001(b) (West 1994) ("many factors have made it uneconomic for the private insurance industry alone to make flood insurance available to those in need of such protection *on reasonable terms and conditions*") (emphasis added). One of these reasonable conditions requires an insured to submit to the insurer a proof of loss—a signed and sworn statement as to the amount the insured claims under the policy—detailing certain items as set forth plainly in the insurance policy. (*See* Stip'd Facts Ex. B at 6–7, ¶ 1.3.a-h.) By upholding defendant's policy-based defense in this instance, the court does not violate the purpose of the NFIP; rather it enforces the reasonable terms and conditions of a federal insurance program made available to parties such as the plaintiffs who, but for their failure to submit the necessary documentation pursuant to the clear provisions of their policy, may well have benefited from the NFIP as envisioned by Congress.

---

**6.** The regulations, too, make clear that oral assurances or unauthorized actions of the insurer's representatives or agents cannot operate to waive a provision of the policy. *See, e.g.*, 44 C.F.R. § 61.5(e) (1997) (representations regarding extent and scope of coverage not consistent with National Flood Insurance Act or Standard Flood Insurance Policy are void); *id.* § 61.13(d–e) (1997) (no provision of policy shall be altered, varied, or waived other than by express written consent of the Administrator .... no written

binder effective unless issued with express authorization of Administrator).

**7.** The court notes that in Aetna's initial notice to the Kennedys dated April 19, 1994 regarding the need to return a sworn proof of loss, Aetna expressly reserved, without waiving, all rights and defenses under the policy it had issued to the Kennedys. (*Id.* Ex. G.)

## III. CONCLUSION

For the reasons set forth above, the court finds that the plaintiffs' failure to comply with the insurance policy's requirements regarding proof of loss bars the present action as a matter of law. The court finds further that the Kennedys cannot assert claims of waiver or estoppel against Aetna. Having so found, the court need not construe the policy at issue to address the parties' substantive contentions about the extent of the policy's coverage for the fire damage incurred by the plaintiffs.

The court will enter an appropriate order.

## ORDER

THIS MATTER having come before the court on cross-motions for judgment as a matter of law;

It appearing that this case was called for trial before this Court on May 19, 1997, on which date counsel reported the matter settled as to all defendants except Aetna Insurance Company;

It appearing further that the remaining parties, William and Phyllis Kennedy and Aetna Insurance Company, have stipulated to all facts in the case as set forth in a joint submission to the court;

The court having reviewed the record and the submissions of the parties;

For the reasons set forth in the court's opinion of this date;

IT IS this 15th day of July, 1997 HEREBY

**ORDERED** AND **ADJUDGED** that judgment be entered in favor of Defendant Aetna Insurance Company and against Plaintiffs William Kennedy and Phyllis Kennedy.