**Donald L. HOLEMAN, Plaintiff,**

v.

**DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., Defendants.**

**Civ. A. No. CA 7–86–0104.**

United States District Court, N.D. Texas, Wichita Falls Division.

April 22, 1988.

James Q. Smith, Wichita Falls, Tex., for plaintiff.

Wayne Hughes, Asst. U.S. Atty., Fort Worth, Tex., Charles Oldham, Oldham & Barnard, Wichita Falls, Tex., for defendants.

## ORDER

MARY LOU ROBINSON, District Judge.

Before the Court is Defendant's Motion for Summary Judgment. The Motion is granted.

Defendant filed this Motion for Summary Judgment claiming that it was entitled to judgment as a matter of law because Plaintiff had failed to comply with the requirement of the insurance policy that a sworn proof of loss be submitted within 60 days of the loss and that Plaintiff had failed to comply with the requirements of the Federal Tort Claims Act in bringing his Deceptive Trade Practices claims.

■ Plaintiff maintains that the letter and spirit of the requirement were complied with by filing a proof of loss in letter form. Plaintiff complains that the official forms for the proof of loss were not supplied, even though he was constantly reminded of the need for the proof. Plaintiff relies on a July 3, 1985 letter from the Agency which states "You may also submit a proof of loss in a letter form if you provide all the information detailed in the referenced policy paragraph...."

The relevant paragraph states "4. Within 60 days after the loss, send us a proof of loss, which is your statement as to the amount you are claiming under the policy, signed and sworn to by you and furnishing us with the following information:" Standard Flood Insurance Policy, Art. VIII, Para. I, 4, issued to Donald Holeman.

The letter submitted by Plaintiff's attorney does not comply with the requirements of a sworn proof of loss. Even if the attorney was acting as an agent of the insured, the letter was not sworn to. The FEMA had informed the Plaintiff that a proof of loss could be made in letter form, however this did not obviate the need for a sworn statement. The insurance policy identified "proof of loss" as a sworn statement signed by the insured. If an insurer is an agency of the United States, procedural requirements must be complied with strictly. *United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

Procedural requirements in federal insurance policies must be strictly enforced. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10. An insured's failure to provide a timely and complete *sworn* proof of loss statement will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss. *Cohen v. Federal Ins. Admin.*, 654 F.Supp. 824, 826 (E.D.N.Y.1986).

Thus Plaintiff's failure to submit a sworn proof of loss precludes recovery under Plaintiff's claims for breach of contract. *See e.g. McCrary v. Federal Emergency Management Agency*, 642 F.Supp. 544 (E.D.N.C.1986).[1]

---

1. Plaintiffs submitted estimates of repair in a letter to the FEMA, but did not file a sworn proof of loss because forms were not available and because the agency had previously accepted estimates as a proof of loss. The district court held that estimate did not comply with the requirements for a proof of loss which was a prerequisite to filing suit to recover under the insurance policy.

The insurance policy in this case has a similar provision. Article VIII, paragraph Q, entitled "Conditions for filing a lawsuit" states: "You may not sue us to recover money under this policy unless you have first complied with all of the requirements of the policy."

**100**

Plaintiff also seeks recovery under the Texas Deceptive Trade Practices Act. Such claims are barred by the Federal Tort Claims Act. *A.L.T. Corp. v. Small Business Administration*, 801 F.2d 1451 (5th Cir.1986).[2] Defendant alleges, and Plaintiff does not deny, that the notice requirements of the Act have not been complied with, further there is not indication that the administrative remedies available under the Act have been exhausted. Thus any claim which Plaintiff attempted to bring in tort and under the Texas Deceptive Trade Practices Act is barred. *A.L.T. Corp.*, 801 F.2d at 1462.

Defendant's Motion is granted. Defendant is entitled to judgment as a matter of law on all causes of action.

It is SO ORDERED.

---

**2.** Even though the Director of the Agency is being sued, the Fifth Circuit has held that a suit against the Director of the Federal Emergency Management Agency is a suit against the federal government. *In Re Estate of Lee*, 812 F.2d 253 (5th Cir.1987).