Inez **HUMPHREY**, Plaintiff,

v.

**NATIONAL FLOOD INSURANCE PROGRAM, Federal Emergency Management Agency, and National Con–Serv, Inc., Defendants.**

Civ. A. No. AW 94–2813.

United States District Court, D. Maryland, Southern Division.

April 28, 1995.

**134**

Robert O. Kazary, Cumberland, MD, for plaintiff.

Lynne A. Battaglia and George Levi Russell, III, Office of the U.S. Atty., Baltimore, MD and Jordan S. Fried, Washington, DC, for defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently pending before the Court is Defendants', the Director of the Federal Emergency Management Agency, the National Flood Insurance Program, and National Con–Serv, Inc. (hereinafter collectively referred to as "Defendants"), motion to dismiss Plaintiff Humphrey's action pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant moves for summary

judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND

Congress passed the National Flood Insurance Act (the "Act") in 1968 in response to its concern over the enormous personal hardship and economic distress caused by flood disasters. 42 U.S.C. § 4001. The purpose of the Act is to enable the public to overcome the devastation accompanying floods by providing "a reasonable method of sharing the risk of flood losses ... through a program of flood insurance which can complement and encourage preventive and protective measures." *Id.* § 4001(a). Congress found that "many factors have made it uneconomic for the private insurance industry alone to make flood insurance available to those in need of such protection on reasonable terms and conditions" and, therefore, authorized the creation of the National Flood Insurance Program ("NFIP") "with large-scale participation of the Federal Government and carried out to the maximum extent practicable by the private insurance industry." *Id.* § 4001(b); *see generally Sodowski v. NFIP,* 834 F.2d 653 (7th Cir.1987), *cert. denied,* 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 619 (1988). Thus, the NFIP is a Federally-subsidized program that makes affordable flood insurance available to the public at or below actuarial rates. [H.Rep. No. 786, 90th Congress, 2nd Sess. (1967); S.Rep. No. 11233, 90th Congress, 1st Sess. (1967) ]; *see Burch v. Federal Ins. Admin.,* 23 F.3d 849 (4th Cir.1994).

Although the NFIP is generally available to the public, Congress granted FEMA authority to define and limit the nature and scope of coverage provided under the SFIP. The SFIP requires a claimant to submit a signed and sworn proof of loss in order to qualify for flood insurance benefits. SFIP, art. VIII, ¶ I(4), *published at* 44 C.F.R. pt. 61, App. A(1) (1982). The claimant must submit the signed and sworn proof of loss to FEMA within sixty (60) days after the loss occurs.[1]

---

1. The relevant paragraph of the SFIP provides:
   Within 60 days after the loss, send us a proof of loss, which is your statement as to the

   amount you are claiming under the policy signed and sworn to by you and furnishing us with the following information.

In 1988 Congress passed the Upton–Jones Amendment to the Act. This Amendment extended the coverage of existing SFIP to include coverage to insured structures that are in imminent danger of collapse due to flood-related erosion. To be eligible for coverage under the Amendment, the structure must be either condemned or certified by an appropriate state official to be in imminent danger of collapse due to flood-related erosion 42 U.S.C. § 4013(c)(1). FEMA is required to promulgate regulations and guidelines to implement provisions of Upton–Jones Amendment and the same coverage restrictions applicable to the existing SFIP's apply to claims made under the Amendment. *Id.* at §§ 4013(c)(3), (6)(A).

In addition to the claim restrictions provided by the SFIP, the Amendment also provides specific methods of property valuation for determining the amount to which a claimant is entitled. Specifically,

[f]or purposes of paying flood insurance pursuant to this subsection, the value of a structure shall be whichever of the following is lowest:

(A) The fair market value of a comparable structure that is not subject to imminent collapse of subsidence.

(B) The price paid for the structure and any improvement to the structure, as adjusted for inflation in accordance with an index determined by the Director to be appropriate.

(C) The value of the structure under the flood insurance contract issued pursuant to this title.

42 U.S.C. § 4013(c)(3).

Humphrey's permanent residence is 86 East Longfellow, Pontiac, Michigan. She owns property located at 73 Jackson Street, Lonaconing, Maryland, which abuts Jackson Run, a tributary of George's Creek. The home on the property, which Humphrey occupies on a seasonal basis, is insured against damages caused by flooding pursuant to the NFIP. The policy limit is $25,300.

Jackson Run has experienced consistent erosion along the river bank. On or about October 15, 1991, George's Creek overflowed, exacerbating the existing erosion problem. The NFIP hired Joseph Garlena, an independent adjuster, to evaluate Humphrey's loss. Due to the poor maintenance and age of her home, Garlena noted that the home was in imminent danger of erosion. Humphrey indicated to Garlena that she had no objection to the destruction of the house under the Upton–Jones provisions as long as she was adequately compensated her for her loss.

On March 2, 1992, the Township condemned the structure[2] and, subsequently, the NFIP secured an appraisal. Allan R. Stevenson, an independent broker, performed three appraisals. Using the "market value" appraisal, he valued the structure at $11,500. Using the replacement cost appraisal, he valued the structure at $13,551, the original value being $45,169 less 70%

a. The date and time of the loss,
b. A brief explanation of how the loss happened,
c. Your interest in the property damaged (for example, "owner") and the interests, if any, of others in the damaged property,
d. The actual cash value of each damaged item of insured property after depreciation is deducted from the cost of replacement of the property (unless the policy's "REPLACEMENT COST PROVISIONS" apply, in which case the replacement cost without allowance for depreciation should be furnished) and the amount of damages sustained,
e. Names of mortgagees or anyone else having a lien, charge or claim against the insured property,
f. Details as to any other contract of insurance covering the property, whether valid or not,

g. Details of any changes in ownership, use, occupancy, location or possession of the insured property since the policy was issued,
h. Details as to who occupied any insured building at the time of loss and for what amount,
i. The amount you claim is due under this policy to cover the loss, including statements concerning:
(i) The limits of coverage stated in the policy,
(ii) The cost to repair or replace the damaged property (whatever costs less).
SFIP, art. VIII, ¶ I(4).

2. Condemnation is a prerequisite to benefits for destruction of a structure threatened by erosion. *See* 44 C.F.R. §§ 63.13–63.18.

depreciation for age, obsolescence, and the structure's generally poor condition. Stevenson also used a Marshall Swift valuation by valuing the structure using a 60% depreciation rate at $27,138.52.

On February 14, 1994, the NFIP issued a Final Determination for demolition benefits. Based on the structure's $11,500 market value, the NFIP authorized total payment of $12,150 to Humphrey. The NFIP forwarded two Proofs of Loss reflecting the amount authorized for payment for loss of the building and its contents. Humphrey did not return the Proofs.

Humphrey's attorney contacted the NFIP by letter dated March 9, 1994 to contest the NFIP's valuation. The NFIP responded on March 28, 1994, explaining that under the Upton–Jones Amendment to the National Flood Insurance Act, 42 U.S.C. § 4013(c)(3), the correct value of the structure was the lowest fair market value or the replacement cost less depreciation.

Humphrey retained a new attorney who contacted the NFIP and asserted Humphrey's belief that the policy provided coverage up to replacement value. On September 19, 1994, the NFIP responded and advised that the Standard Flood Insurance Policy (the "SFIP"), a copy of which it had provided to Humphrey, allowed replacement cost coverage only for a principal residence. The FIA also responded and informed Humphrey's attorney that under the Upton–Jones Amendment the NFIP is authorized to value property to be demolished at the lower of the replacement cost less depreciation or the fair market value.

On October 12, 1994, Humphrey filed a complaint alleging that the structure had a fair market value of $25,000; under the insurance contract, she was entitled to payment of replacement costs (Count One); the fair market value exceeds the policy limit of $25,300 (Count Two); and, the NFIP negligently misrepresented the coverage provided. Defendants timely moved to dismiss Humphrey's complaint or, in the alternative for summary judgment. Defendants' argue

that (1) Humphrey's failure to file a sworn and certified Proof of Loss mandates dismissal; (2) Under the SFIP and the Upton–Jones Amendment, Humphrey is not entitled to recover replacement costs; (3) the NFIP is not estopped to deny coverage; (4) National Con–Serv is not a proper defendant; and, (5) Humphrey is not entitled to a jury trial.

Having considered the parties' respective memoranda and any exhibits attached thereto, the Court deems a hearing unnecessary. Local Rule 105(6) (D.Md.1994). The Court has construed all facts and reasonable inferences drawn therefrom in Humphrey's favor. For the reasons set forth more clearly below, the Court will grant Defendants' motion for summary judgment.

### DISCUSSION [3]

In ruling on a Rule 12(b)(6) motion, the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Finlator v. Powers,* 902 F.2d 1158 (4th Cir.1990). If a motion to dismiss is supported by matters outside the pleading which the Court does not exclude, the motion shall be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 12(b)(1), (2) and (6).

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corporation v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (citations omitted). Thus, this Court's affirmative obligation is to "prevent factually

---

**3.** Humphrey agrees that the authorities Defendants cited are applicable to this action "as it relates to the measure of the claim for flood loss due from the Defendant unto the Plaintiff." Paper No. 9.

unsupported claims and defenses from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987).

Defendants argue that Plaintiff's failure to file a sworn and certified Proof of Loss excuses the federal insurer's obligation to pay an otherwise valid claim of loss. *See Cohen v. Federal Ins. Admin.,* 654 F.Supp. 824, 826 (E.D.N.Y.1986). They assert that since Plaintiff never returned proof nor certified her loss, she is not entitled to recovery. *See Felder v. Federal Crop Ins. Corp.,* 146 F.2d 638, 640–41 (4th Cir.1944); *McCrary v. FEMA,* 642 F.Supp. 544 (E.D.N.C.1986) (the insured must conform strictly with the requirements of the SFIP).

Plaintiff does not deny that she never returned a sworn and certified Proof of Loss. Rather, she argues that Defendants' did not conduct appraisals in accordance with the regulations. Plaintiff contends that Defendants did not consider comparables and used the wrong date of valuation for her property. She further maintains that because Defendants did not demand precise compliance with the SFIP, they should be estopped from "raising such defense or, in the alternative, should simply require the Plaintiff to submit such a formal Notice of Loss at this time." (Paper No. 9, p. 2).

■ The record before the Court indicates that Defendants considered comparables in valuating Plaintiff's property. Moreover, the relevant regulations provide that certification, by the appropriate authority, that the structure is in imminent danger of collapse is a prerequisite for Upton–Jones benefits. 42 U.S.C. § 4013(c)(6)(B), 44 C.F.R., pt. 63. On March 2, 1992, the Township condemned the structure. Plaintiff's argument that Defendants used an incorrect date of valuation is not supported by the record.

■ The record also does not support Plaintiff's theory that Defendant's should be estopped from raising her failure to file a sworn and certified Proof of Loss. The Supreme Court has long held that the federal government "may not be estopped on the same terms as any other litigant" when it does not enforce or demand strict compliance

with its regulations. *Heckler v. Community Health Servs., Inc.,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984); *see also, Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). Thus, Plaintiff must meet a high burden to estop the Defendants and a claim of mere negligence will not suffice. *Heckler,* 467 U.S. at 51, 104 S.Ct. at 2218–19. Rather, Plaintiff must show "affirmative misconduct going beyond mere negligence." *Id.; see also, West Augusta Development Corp. v. Giuffrida,* 717 F.2d 139, 141 (4th Cir.1983).

■ Here, Plaintiff does not establish any affirmative misconduct on Defendants' part. Defendants provided Plaintiff with a copy of the SFIP when she purchased the flood insurance. They are not required to "demand" that she comply with requirements thereunder. The regulations themselves provide the necessary incentive and consequences for noncompliance. Moreover, "the federal government's 'fiscal operations are so various, and its agencies so numerous and scattered,' there is always a risk that misinformed agency employees and representations may err in interpreting statutes and regulations." *Wagner v. Director, Federal Emergency Mgmt. Agency,* 847 F.2d 515 (9th Cir.1988) (citing *United States v. Kirkpatrick,* 22 U.S. (9 Wheat.) 720, 6 L.Ed. 199 (1824)).

## *CONCLUSION*

Plaintiff failed to submit a sworn and certified proof of loss to support her claim that she is entitled to $25,000.00 for the destruction of her property. The record indicates that Defendants conducted a proper valuation of Plaintiff's property consistent with the Upton–Jones Amendment, the SFIP and the pertinent regulations promulgated thereunder. Using these regulations, Defendants determined that Plaintiff is entitled to $12,150.00. Based upon a review of the record and relevant case law, the Court determines that Plaintiff is not entitled to anything more. Moreover, Plaintiff raised no genuine issue of material fact that merits a trial in this matter. Accordingly, the Court will grant De-

138

fendants' motion for summary judgment. It will be so ordered.