**Charles L. GOWLAND, et al**

v.

**AETNA CASUALTY & SURETY CO.**

Civil Action No. 6:96–1184.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

March 20, 1997.

---

Nicholas F. Larocca, Jr., Morgan City, for plaintiffs.

Gerald Joseph Nielsen, Muriel O. Van Horn, Nielsen Law Firm, Metairie, for defendant.

## MEMORANDUM RULING AND JUDGMENT

MELANÇON, District Judge.

Before the Court is a Motion for Summary Judgment filed by the defendant. For the reasons that follow, the motion is granted.

### Background

This is an insurance claim arising under the National Flood Insurance Act of 1968, as amended (NFIA). *42 U.S.C. § 4001, et seq.* The plaintiffs seek to recover losses allegedly sustained from a flood which occurred in 1994 and damaged their camp in Stephensville, Louisiana. The plaintiffs obtained flood insurance for the property from the defendant, Aetna Casualty & Surety Company (Aetna), pursuant to the flood insurance regulations issued by the Federal Emergency Management Agency (FEMA). The policy is a Standard Flood Insurance Policy (SFIP) as set forth at 44 C.F.R., Subchapter B. (*R. 20, Exhibit 2* ).

On April 28, 1994, the plaintiffs notified Aetna, through their local agent, that their property sustained damage from a flood and filed a property loss notice. (*R. 27, Exhibit C* ). Aetna sent an adjuster to inspect the site on May 3, 1994. An expert was then retained by Aetna and inspected the site on May 18, 1994.

The policy requires the plaintiffs to submit to Aetna, within sixty days after the loss, a proof of loss statement detailing the items and amounts claimed, as well as other specific information as listed in the policy. (*R. 20, Exhibit 2* ). In this instance, the plaintiffs had until June 27, 1994 to submit their proof of loss to Aetna. On June 14, 1994, Aetna sent a letter to the plaintiffs reminding them of their duty to submit a proof of loss within sixty days from the date of loss if they wished to pursue a claim under the policy. (*R. 20, Exhibit 3* ). The plaintiffs did not submit a proof of loss as required by the policy and to this date have not done so.

On June 29, 1994, Aetna advised the plaintiffs that no damages were found and the claim was being closed. A request to reopen the claim was made on March 14, 1995. On April 12, 1995, Aetna re-opened the claim and suggested that the plaintiffs hire their own engineer to inspect the property. The plaintiffs retained an engineer who inspected the property and issued a report which was provided to Aetna on June 5, 1995. On July 5, 1995, Aetna again denied and closed the claim.

The claim was again re-opened in August 1995 at the request of the plaintiffs and based on the plaintiffs assertions that they would obtained cost estimates. Aetna considered the cost estimates to be unacceptable and the parties attempted to negotiate a more reasonable figure. An agreement could not be reached and the plaintiffs initiated this action.

### Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56.* Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*Analysis*

Aetna has filed a motion for summary judgment asserting that the plaintiffs' claim is barred because they failed to file a proof of loss. The plaintiffs admit that they have never filed a formal proof of loss as required by the insurance policy. Thus, there is no genuine issue of material fact as to this issue.

The plaintiffs argue, however, that they substantially complied with the proof of loss requirement when their adjuster filed a notice of loss on April 28, 1994, the day after the alleged damage occurred. (*R. 27, Exhibit C*). The plaintiffs also argue that Aetna waived the proof of loss requirement because it never mentioned it as a basis for denying the claim and re-opened the claim after the expiration of the sixty day deadline. Additionally, the plaintiffs assert that the doctrine of equitable estoppel is applicable in this instance and bars Aetna from asserting the proof of loss requirement as a defense.

### A. Substantial Compliance

■ The plaintiffs' contend that the notice of loss they filed substantially complied with the policy requirements and thus, should be found sufficient. The policy provides that should a flood loss occur, the insured must:

Within 60 days after the loss, send us a proof of loss, which is your statement as to the amount you are claiming under the policy signed and sworn to by you and furnishing us with the following information;

a. The date and time of the loss,

b. A brief explanation of how the loss happened,

c. Your interest in the property damaged (for example, "owner"), the interests, if any, of others in the damaged property,

d. The actual cash value of each damaged item of insured property after depreciation is deducted from the cost of replacement of the property (unless the policy's "REPLACEMENT COST PROVISIONS" apply, in which case the replacement cost without allowance for depreciation should be furnished) and the amount of damages sustained,

e. Names of mortgagees or anyone else having a lien, charge or claim against the insured property,

f. Details as to any other contracts of insurance covering the property, whether valid or not,

g. Details of any changes in ownership, use, occupancy, location or possession of the insured property since the policy was issued,

h. Details as to who occupied any insured building at the time of loss and for what purpose, and

i. The amount you claim is due under this policy to cover the loss, including statements concerning:

(i) The limits of coverage stated in the policy.

(ii) The cost to repair or replace the damaged property (whatever costs less).

(*R. 20, Exhibit 2, pgs. 6–7*).

■ The document provided by the plaintiffs on April 28, 1994 was a standard form property loss notice completed by the plaintiffs' local adjuster. (*R. 27, Exhibit C*). The form fails to provide the details specifically set out in the policy to be submitted by a proof of loss. Insurance policies issued under federal programs must be strictly construed. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). An insured's failure to provide a complete, sworn, proof of loss statement in strict accordance with the policy requirements will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss. *Gagliardi v. Omaha Property and Ins. Co.,* 952 F.Supp. 212, 1997 WL 63316, *3 (D.N.J.); *Holeman v. FEMA,* 699 F.Supp. 98, 99 (N.D.Tex.1988); *Cohen v. Federal Ins. Admin.,* 654 F.Supp. 824 (E.D.N.Y.1986). Accordingly, the obligation to construe strictly the terms of a federally sponsored insurance policy requires that the plaintiffs' substantial compliance argument be rejected on its face.

### B. Waiver

■ The plaintiffs contend that Aetna waived the proof of loss requirement because it never mentioned it as a basis for denying

the claim and re-opened the claim after the expiration of the sixty day deadline. In addition, the plaintiffs contend that the letter Aetna sent to the plaintiffs reminding them of their duty to file a proof of loss statement did not specify all the requirements set forth in the policy and thus, constituted a waiver.

The policy provides: "We may, at our option, waive the requirement for the completion and filing of a Proof of Loss in certain cases, in which event you will be required to sign, and at our option, swear to an adjuster's report of the loss. . . ." (*R. 20, Exhibit C, pg. 7*). The plaintiffs never signed an adjuster's report of loss. Furthermore, the federal regulations, as amended, provide that no provision of the SFIP shall be altered, varied, or waived other than by the express written consent of the Administrator. *44 C.F.R. § 61.13(d-e)*. The letter sent by Aetna reminding the plaintiffs of their obligation to file a formal proof of loss does not represent the type of express written consent or waiver required by the policy and the regulations. (*R. 20, Exhibit 3*). Instead, in the letter Aetna expressly stated that it was not waiving any rights or defenses under the policy. (*Id.*). While it is clear that the proof of loss requirement can be waived in some instances, the SFIP and the regulations provide that such a waiver must be expressly made and effected by an appropriate document. (*R. 20, Exhibit C, pg. 7); 44 C.F.R. § 61.13(d)*. There was no such written waiver in this case.

■ The plaintiffs' contention that Aetna waived the proof of loss requirement because it never mentioned it as a basis for denying the claim and re-opened the claim after the expiration of the sixty day deadline amounts to an assertion of constructive waiver which, as discussed, is not effective under the policy and the federal regulations. These issues are more applicable to the plaintiffs' claim of equitable estoppel and will be considered in that realm below.

## C. Estoppel

■ The plaintiffs assert that the doctrine of equitable estoppel is applicable in this instance and bars Aetna from asserting the proof of loss requirement as a defense. This issue has not been specifically addressed by the Fifth Circuit and the lower court and other circuit precedent is split on the issue. However, the majority of the lower and circuit court opinions have ruled against applying the doctrine.[1] Nevertheless, the precedent indicates that the applicability of this doctrine depends of the facts of the particular case.

■ The elements of estoppel are (1) that the party to be estopped was aware of the facts; (2) that the party to be estopped intended its act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts; and (4) that the party asserting estoppel reasonably relied on the conduct of the party to be estopped to his substantial injury. *Ingalls Shipbuilding, Inc. v. Director, OWCP*, 976 F.2d 934, 935 n. 13 (5th Cir.1992). The plaintiffs cannot satisfy the third element of the traditional estoppel test in that they cannot demonstrate that they did not have knowledge that the insurance policy required an insured to file a proof of loss statement within sixty days of the date of loss.

The undisputed evidence before the Court is that Aetna notified the plaintiffs by letter of their obligation to file a formal proof of loss statement within sixty days under the policy. (*R. 20, Exhibit 3*). In addition, the plain language of the policy itself provides for the proof of loss requirement when asserting a claim. (*R. 20, Exhibit 2*). The plaintiffs are charged with knowledge of the

1. *Gagliardi v. Omaha Property and Ins. Co.*, 952 F.Supp. 212, 1997 WL 63316 (D.N.J.); *Maloney v. FEMA*, 1996 WL 626325 (E.D.La.); *Humphrey v. FEMA*, 885 F.Supp. 133 (D.Md.1995); *Bullard v. Connor*, 716 F.Supp. 1081 (N.D.Ill.1989); *Wagner v. FEMA*, 847 F.2d 515 (9th Cir.1988); *Holeman v. FEMA*, 699 F.Supp. 98 (N.D.Tex. 1988); *Schumitzki v. FEMA*, 656 F.Supp. 430 (D.N.J.1987); *Cohen v. Federal Ins. Admin.*, 654 F.Supp. 824 (E.D.N.Y.1986); *McCrary v. FEMA*, 642 F.Supp. 544 (E.D.N.C.1986); *Phelps v. FEMA*, 785 F.2d 13 (1st Cir.1986); *Pavone v. HUD*, 547 F.Supp. 230 (D.Conn.1982). *Contra, Levy v. Omaha Property & Casualty Ins. Co.*, 1997 WL 16634 (E.D.La.); *Conrad v. Omaha Property & Casualty Ins. Co.*, 1995 WL 350418 (E.D.Pa.); *Dempsey v. FEMA*, 549 F.Supp. 1334 (E.D.Ark. 1982); *Meister Bros., Inc. v. Macy*, 674 F.2d 1174 (7th Cir.1982); *Del Boring Tire Serv. v. FEMA*, 496 F.Supp. 616 (W.D.Pa.1980).

**106**

contents of their policy, which are published in the Code of Federal Regulations. *44 C.F.R. § 61.1, et seq.; Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) ("those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law"). Furthermore, Aetna has presented evidence that the plaintiffs were aware of the proof of loss requirement because of previous claims they filed and that the plaintiffs had in fact filed a proof of loss statement previously in relation to another claim. (*R. 31, Exhibit A* ).

As indicated above, the notice of loss which was filed by the plaintiffs does not conform to the requirements for a proof of loss as delineated in the policy and the Code of Federal Regulations. With respect to Aetna's denial of the claim on the merits, it is clear that the insurer did not constructively waive the proof of loss requirement by denying the claim without mention of the plaintiffs' non-compliance with the requirement or by re-opening the claim after the expiration of the sixty day deadline. *Schumitzki v. Director, FEMA,* 656 F.Supp. 430, 434 (D.N.J.1987). As in *Schumitzki,* the *Meister Bros.* case relied on by the plaintiffs is not applicable in this instance. *Meister Bros., Inc. v. Macy,* 674 F.2d 1174 (7th Cir.1982). The Seventh Circuit specifically noted that its holding was limited to the facts of that particular case. *Id.* In *Meister Bros.,* it was the policy of the adjuster not to require the insured to submit a proof of loss until a settlement was reached, and in that case, a proof of loss was filed as to a portion of the claim which had been settled. *Id.* In this case, the plaintiffs received a letter from Aetna, prior to the expiration of the sixty day period, which expressly reminded them of their obligation to submit a proof of loss statement. (*R. 20, Exhibit 3* ). In the letter, Aetna reserved all its rights under the policy. (*Id.*). There is no evidence that Aetna had a policy of not requiring the insured to submit a proof of loss statement. Instead, all the evidence is to the contrary. Therefore, the plaintiffs' cannot effectively assert that Aetna's denial of the claim on the merits or Aetna's later re-opening the claim caused them to reasonably believe under the circumstances that Aetna had waived the proof of loss requirement.

*Conclusion*

Because the Court finds that the plaintiffs have failed to establish equitable estoppel, and that the waiver and substantial compliance theories asserted by the plaintiffs are inapplicable in this case, the failure to file a formal proof of loss statement as required by the policy bars the plaintiffs' claim. In light of this ruling, the Court need not consider the alternative argument asserted by the defendant as to the merits of the plaintiffs' flood damage claim.

**JUDGMENT**

In accordance with the Memorandum Ruling issued on this date,

IT IS ORDERED that the Motion for Summary Judgment, filed by the defendant Aetna Casualty & Surety Co., is granted, and the plaintiffs' claim is dismissed with prejudice.