## Steve DURKIN

v.

## STATE FARM MUTUAL INSURANCE COMPANY.

### No. Civ.A. 96–2577.

United States District Court, E.D. Louisiana.

June 24, 1997.

Steve Durkin, Harvey, LA, pro se.

Zoe Olivia Fleming, Zoe Olivia Fleming, Jefferson, LA, William Patrick Klotz, Jr., W. Patrick Klotz, New Orleans, LA, for Plaintiff.

Gerald Joseph Nielsen, Muriel O. Van Horn, Nielsen Law Firm, Metairie, LA, for Defendant.

## ORDER AND REASONS

VANCE, District Judge.

Before the Court are defendant's motions for summary judgment and partial summary judgment and plaintiff's motion for continuance of the summary judgment proceeding. For the reasons set forth below, plaintiff's motion for continuance is DENIED, and defendant's motion for summary judgment is GRANTED.

### I. Background

This action involves a damage claim under a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program, 42 U.S.C. 4001–4129 (1997) ("NFIP").[1] Plaintiff, Steve Durkin, purchased the policy from defendant, State Farm Mutual Insurance Company ("State Farm"), to insure property located at 220 Governor Hall, Gretna, Louisiana. The issued policy was effective from September 19, 1994 to September 19, 1995.

On or about May 8, 1995, heavy rain and flooding allegedly damaged plaintiff's insured property. On May 18, 1995, Mr. Durkin submitted a "Personal Property Inventory Form" and sworn "Proof of Loss" to State Farm. Rec. Doc. No. 23, Exh. 2. In a letter dated May 16, 1995,[2] State Farm informed Mr. Durkin that it required certain information from him in order to evaluate his claim. Specifically, State Farm invoked a section of the SFIP, which states in pertinent part: "If

---

1. The Standard Flood Insurance Policy form is set out in 44 C.F.R. Pt. 61, App. A(1) (1997).

2. Although the letter is dated two days prior to the date of Mr. Durkin's forms, defendant indicates that such letter was sent *after* receipt of the plaintiff's forms. Rec. Doc. No. 23, at 17. The exact date is not relevant for purposes of deciding these motions.

we specifically request it, in writing, you may be required to furnish us with a complete inventory of the destroyed, damaged and undamaged property, including details as to quantities, costs, actual cash values, amounts of loss claims and any written plans and specifications for repair of the damaged property which you can make reasonably available to us." Rec. Doc. No. 23, Exh. 17.

State Farm requested an inventory and documentation from Mr. Durkin on numerous occasions. In a letter dated August 14, 1995, State Farm made the need for documentation clear and explained that documentation is "expressly required by the SFIP" and that "[w]ithout documentation, the claim cannot be paid." Rec. Doc. No. 23, Exh. 4. Specifically, State Farm asked for any and all documentation pertaining to the value, date and amount of purchase, and ownership of the claimed items. The letter ended with State Farm reinvoking its option to request a complete inventory from Mr. Durkin and once again quoted language from the SFIP that was used in State Farm's May 16 letter. In letters dated August 15, 1995 and August 22, 1995, State Farm reiterated its requests. Rec. Doc. No. 23, Exhs. 5, 6.

In response to these letters, Mr. Durkin initially provided a fourteen page handwritten list of an inventory of claimed items. Rec. Doc. No. 23, Exh. 7. Upon State Farm's notifying Mr. Durkin that his list was illegible, Rec. Doc. No. 23, Exh. 6A, Mr. Durkin provided State Farm with another list of three pages—again handwritten and barely legible. Rec. Doc. No. 23, Exh. 8. Both of these inventory lists merely state the names of the claimed items and provide nothing further in regard to value, ownership, or purchase price. In his deposition testimony, Mr. Durkin stated that he does not have any receipts, bills, or other documentation to substantiate his ownership or the value of any of the items listed on his Personal Property Inventory Form. Rec. Doc. No. 23, Exh. 3, at 227–29.

After extensive communication and investigation, State Farm denied Mr. Durkin's claim on October 18, 1995. In defendant's Answer to Interrogatories, Rec. Doc. No. 15, Exh. A, at 4–12, State Farm detailed the reasons upon which the claim was denied. State Farm cited to twelve sections of the SFIP that allegedly support their decision to deny coverage. In general, State Farm alleges that Mr. Durkin's failed to comply with the SFIP and specifically violated certain sections of the SFIP.

Mr. Durkin subsequently filed suit against State Farm on August 2, 1996. Defendant now moves for summary judgment on the grounds that plaintiff's failure to abide by the express terms and conditions of the SFIP entitles defendant to judgment as a matter of law. In the alternative, defendant moves for partial summary judgment on the grounds that plaintiff's extracontractual claims are legally barred. Plaintiff thereafter moved to continue the summary judgment proceedings, pursuant to 56(f), requesting a continuance in order to obtain further discovery.

## II. Analysis

### A. Motion for Continuance

Rule 56(f) of the Federal Rules of Civil Procedure provides that "[s]hould it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

To obtain such a continuance, "a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995). *See also Exxon Corp. v. Crosby–Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir.1995) (stating that party must "demonstrate to the district court how the requested discovery pertains to the pending motion"); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993) (explaining that moving party must show "why he needs additional discovery and how the additional discovery will create a genuine issue of material fact").

In this case, a continuance is unwarranted because further discovery is not required for Mr. Durkin to rebut the issues presented by the defendant in its motion for summary judgment. Defendant contends that Mr. Durkin did not comply with specific provisions of the SFIP. If Mr. Durkin had, in fact, complied with the insurance policy, the papers that he, himself, submitted to State Farm would sufficiently rebut defendant's allegations. Further deposition testimony or documentation is unnecessary because the key evidence is in plaintiff's own hands.[3] Furthermore, this action has been pending since August 2, 1996, and it is set for trial on July 14, 1997, so that Mr. Durkin has had ample time to conduct discovery. Plaintiff's motion for continuance is therefore DENIED.

## B. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, demonstrate that there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–52, 91 L.Ed.2d 265 (1986). The court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Grillet v. Sears, Roebuck & Co., 927 F.2d 217, 220 (5th Cir.1991); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Factual controversies are resolved in favor of the non-moving party only if there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The opposing party may not rely on more allegations or denials but must set forth specific facts establishing that genuine issues exist for trial. Fed.R.Civ.P. 56(e). The court must determine whether there are any genuine issues of material facts which preclude judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

On May 22, 1997, plaintiff filed his motion to continue the summary judgment proceedings. In his memorandum in opposition to defendant's motion for summary judgment, plaintiff informed the court that if his motion to continue is denied, the reasons set forth in his memorandum in support of his motion to continue "are equally applicable to the issues set forth in defendants Motion for Summary Judgment." Rec. Doc. No. 25, at 2. The Court will therefore consider plaintiff's memorandum on his motion to continue as his memorandum in opposition to summary judgment.

Defendant cites three grounds on which to grant summary judgment. It is unnecessary to reach a conclusion on each of these grounds because the Court finds that Mr. Durkin's failure to provide an inventory warrants an order for summary judgment.

It is a "duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947). Thus, courts have consistently held that procedural requirements in insurance policies issued under federal programs must be strictly observed. *See, e.g., Gowland v. Aetna Casualty & Surety Co.*, 960 F.Supp. 101, 104 (W.D.La.1997); *Holeman v. Director, Federal Emergency Management Agency*, 699 F.Supp. 98, 99 (N.D.Tex.1988); *Cohen v. Federal Insur. Admin.*, 654 F.Supp. 824, 826 (E.D.N.Y.1986); *see also Wagner v. Director, Federal Emergency Management Agency*, 847 F.2d 515, 518 (9th Cir.1988) (explaining that SFIP must be "strictly observed" because its procedural requirements "constitute conditions precedent to a waiver by the federal government of its sovereign immunity" and such waivers are construed narrowly).

In light of these principles, courts have generally held that the failure to provide a

---

**3.** Defendant's Response to Request for Production of Documents, Rec. Doc. No. 15, Exh. B, at 3, indicates that defendant provided Mr. Durkin with all documents received by State Farm from the plaintiff.

complete proof of loss statement in accordance with the policy requirements will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss. *See, e.g., Wagner,* 847 F.2d at 520; *Forman v. Federal Emergency Management Agency,* No. CIV. A.96–3036, 1997 WL 191497 at *3 (E.D.La. Apr.17, 1997); *Gowland,* 960 F.Supp. at 104; *Maloney v. Federal Emergency Management Agency,* No. CIV.A.96–1879, 1996 WL 626325 at *3–*4 (E.D.La. Oct.24, 1996); *Holeman,* 699 F.Supp. at 99; *Cohen,* 654 F.Supp. at 826–27.

The Federal Emergency Management Agency, pursuant to the National Flood Insurance Act, 42 U.S.C. 4001–4129 (1994), is charged with administering the National Flood Insurance Program. FEMA promulgated a set of regulations, 44 C.F.R. § 61 (1997), and a Standard Flood Insurance Policy, 44 C.F.R. Pt. 61, App. A(1) (1997). The regulations provide that all insurance offered pursuant to the NFIP is subject to the Act, the regulations issued under the Act, and the terms and conditions of the SFIP.

■ Pertinent to this matter is Article 9, sections K and R of the SFIP. Section K provides that the insurer may, in its discretion, request and require certain documents: "If we specifically request it, in writing, you may be required to furnish us with a complete inventory of the destroyed, damaged and undamaged property, including details as to quantities, costs, actual cash values or replacement costs (whichever is appropriate), amounts of loss claimed, and any written plans and specifications for repair of the damaged property which you can make reasonably available to us."

Section R warns the property owner that "[y]ou may not sue [the insurer] to recover money under this policy unless you have complied with all the requirements of the policy." [4]

It is clear from the documents presented with defendant's motion for summary judgment that plaintiff has not submitted an inventory that meets the requirements of the SFIP. The SFIP specifically requires that certain information be included in the requested inventory list. The list presented by Mr. Durkin to State Farm fails to meet these standards. Rec. Doc. No. 23, Exhs. 7, 8. In addition to their illegibility, the particularity of the SFIP was ignored, and Mr. Durkin did not designate which items were destroyed, damaged, or undamaged, and did not include details as to quantities, costs, actual cash value, replacement costs, amounts of loss claimed, or plains or specifications for repair of the damaged property.[5]

Plaintiff was well aware that his failure to properly inventory his claim was likely to result in a denial of his claim as well as a bar to his bringing suit against State Farm. Not only is plaintiff an experienced party in these actions, see Rec. Doc. No. 23, Exhs. 15, 16, 18, 19, but the letters from State Farm indicated that the lack of documentation and inventory could severely jeopardize his claim. That plaintiff had notice of the insurer's requirements factors into this Court's decision because it demonstrates that plaintiff's inaction was knowing and not the product of ignorance. *See Gagliardi v. Omaha Property and Ins. Co.,* 952 F.Supp. 212, 215 (D.N.J. 1997) ("[A]ny injustice that may result from summary judgment will derive from the plaintiff's own knowing inaction in pressing and presenting properly their claim.").

Finally, the Court notes that plaintiff's extracontractual claims are legally barred. It is well established that federal law governs disputes that arise from insurance policies issued under the NFIA. *See West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978); *see also Hanover Bldg. Materials, Inc. v. Guiffrida,* 748 F.2d 1011, 1013 (5th Cir.1984); *Schopen v. State Farm Ins. Co.,* No. CIV.A.96–1892, 1996 WL 696444 at *1 (E.D.La. Dec.2, 1996);

---

**4.** The substance of each of these sections appear in Mr. Durkin's State Farm policy. See Rec. Doc. No. 23, Exh. 1, Sections I(2)(c) and (d); I(8). It is noted by the Court, however, that pursuant to the NFIA, Mr. Durkin's claim for coverage is governed by the SFIP.

**5.** The original Personal Inventory Forms submitted by Mr. Durkin in his claim do not take the place of the requested inventory. State Farm specifically invoked its option to request a separate inventory after receiving the Personal Inventory Forms in order to clarify and resolve the claim of loss.

*Levy v. Omaha Property and Casualty,* No. CIV.A.96–567, 1996 WL 680251 (E.D.La. Nov.21, 1996). State law is preempted by federal law when a uniform national rule is necessary to further the interests of the federal government. The NFIA, in addition to "making insurance available in high-risk, high-rate areas, ... also contemplates a unified national program for flood-plain management in order to reduce or avoid future flood losses." *West,* 573 F.2d at 880. Thus, "[s]ince the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law." *Id.* at 581. Even if Mr. Durkin were successful in this case, he would not be entitled to certain types of recovery that are not permitted under the federal scheme.

 In this case, Mr. Durkin requests penalties, attorneys' fees, and punitive damages. The insurance policy itself does not specify these types of recovery. Rather, the policy limits recovery to damages that are "pecuniary in nature, not personal, and the amount is based upon the readily ascertainable value of services and property." *West,* 573 F.2d at 883. The NFIA does not recognize personal recovery, and plaintiff is therefore barred from such recovery. *See id.* at 882 ("a prevailing plaintiff is not entitled to recover the penalty and attorney's fees provided by Louisiana"); *Hanover,* 748 F.2d at 1015 ("No basis in federal law is shown for the assessment of attorney's fees against the government."); *Schopen,* 1996 WL 696444, at *2 ("Neither federal common law nor statutory law authorizes the recovery of attorney fees or penalties against ... companies like State Farm arising under the NFIA.").

Permitting personal recovery in the form of attorneys' fees, penalties, or punitive damages, would defeat the purpose of the NFIA. The objective of the Act is to provide affordable insurance to high-risk property owners. Although private insurance companies administer the insurance contracts, the federal governments acts as the guarantor for all claims. Thus, any damages that are payable to the claimant are paid out of the government's pocket. In order to keep the cost of insurance to a reasonable level, it is in furtherance of the federal scheme of NFIA to prohibit any damages beyond those pecuniary in nature. *See also Eddins v. Omega Ins. Co.,* 825 F.Supp. 752, 754 (N.D.Miss. 1993) (holding that punitive damages would "defeat the philosophy behind the program" because such damages would increase the cost to the federal government); *Levy,* at *1 (quoting Eddins). Absent a Congressional directive to the contrary, damages are limited to those specifically contemplated by the SFIP.

IT IS HEREBY ORDERED that plaintiff's motion for continuance is DENIED and defendant's motion for summary judgment is GRANTED.